**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS SOSA, | **CASE NO. 1:10-cv-01577-OWW-SKO** |
| Plaintiff, | **RELATED CASE: 1:10-cv-01494-OWW-SKO** |
| v. | **FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTION TO SET ASIDE ENTRIES OF DEFAULT BE GRANTED** |
| SUNNY I. NISHIMOTO, et al., | (Docket No. 17) |
| Defendants. | **OBJECTIONS DUE: 15 DAYS** |

## I. INTRODUCTION

On August 19, 2010, Plaintiff Jesus Sosa ("Plaintiff") filed a complaint against Defendants Sunny I. Nishimoto and Dorothy Nishimoto, dba Fastway Market, and Nishimoto Company, Inc. (collectively "Defendants") alleging violations of the Americans with Disabilities Act of 1990 ("ADA"), the California Disabled Persons Act, the Unruh Civil Rights Act, and the California Health and Safety Code. (Doc. 2.) The gravamen of the complaint is that the building and facilities in which Fastway Market operates do not adequately accommodate persons with disabilities.

An executed summons was filed on September 23, 2010, indicating that Dorothy Nishimoto and Sunny I Nishimoto, dba Fastway Market, were served on September 14, 2010, through substitute service. (Doc. 6.)  Their response to the complaint was due on or before October 5, 2010, but they failed to respond.  On November 16, 2010, Plaintiff requested an entry of default with regard to Dorothy and Sunny I. Nishimoto (Doc. 7), which the Clerk entered November 17, 2010 (Docs. 8, 9.).  An executed summons was filed on November 17, 2010, indicating that Nishimoto Company, Inc. was served by substitute service on September 14, 2010.  (Doc. 10.)  A response to the complaint was due on or before October 5, 2010.  Following Nishimoto Company, Inc.'s failure to respond to the complaint, Plaintiff requested an entry of default on November 22, 2010. (Doc. 11.) The Clerk of the Court entered Nishimoto Company, Inc.'s default on November 22, 2010. (Doc. 12.)  On January 31, 2011, Defendants filed a motion to set aside the entries of default.

As a procedural matter, the Court notes that Plaintiff filed four similar complaints against various defendants, who are all represented by Steven A. Geringer.  These four actions include: (1) 1:10-cv-01577-OWW-SKO, (2) 1:10-cv-01494-OWW-SKO, (3) 1:10-cv-01446-LJO-GSA,[1] and (4) 1:10-cv-01454-OWW-MJS.  Defaults were entered against all the defendants in these actions, and Mr. Geringer has filed motions to set aside the defaults in each action.

## II.  DISCUSSION

### A.  Legal Standard

"The court may set aside an entry of default for good cause . . . ."  Fed. R. Civ. P. 55(c).  To determine whether good cause exists, the court must consider the following three factors: (1) whether the party seeking default engaged in culpable conduct that led to the default; (2) whether the party seeking default has no meritorious defense; or (3) whether reopening the default would prejudice the other party.  *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle* (*"Mesle"*), 615 F.3d 1085, 1091 (9th Cir. 2010) (citing *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)).  This is the same standard used for determining whether a default judgment should be set aside under Rule 60(b).  *Id.*  The good cause test is disjunctive, "such

---

[1] In case number 1:10-cv-01446-LJO-GSA, Magistrate Judge Austin issued findings and recommendations that the defendants' defaults be set aside, which were adopted by District Judge O'Neill on March 14, 2011.

that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id.* In considering these good cause factors, the Ninth Circuit instructs that the court is to be guided by the underlying policy objective that "'judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'" *Id.* (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

**2.  Analysis**

**a.  Culpable Conduct**

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Group Life Ins. Plan v. Knoebber* (*"TCI Group"*), 244 F.3d 691, 697 (9th Cir. 2001) (emphasis in original). A neglectful failure to answer where the defendant offers a credible, good faith explanation "negating any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process is not 'intentional' under [the Ninth Circuit's] default cases . . . . " *Id; Mesle*, 615 F.3d at 1092 ("movant cannot be treated as culpable simply for having made a conscious choice not to answer").

Defendants assert that their counsel had conversations with Plaintiff's counsel prior to the time they were to file an answer to the complaint. Defendants' counsel informed Plaintiff's counsel that Sunny I. Nishimoto is deceased, and neither Sunny I. Nishimoto nor Dorothy Nishimoto operates Fastway Market. (Doc. 17-1, 1:5-10.) Defendants' counsel also informed Plaintiff's counsel that he was representing defendants in three related, but separate actions, that Plaintiff had filed. (Doc. 17-1, 2:11-22.) Defendants' counsel identified various service of process errors in each case. (*Id.*) At the close of the conversation, Defendants' counsel asserts that it was his understanding that all four complaints would be amended and reserved given the various problems he had identified, and he represented to Plaintiff's counsel that he was authorized to accept service on behalf of all the defendants he represented in each of the four actions. (*Id*.) Instead of filing and serving an amended complaint, however, as Defendants' counsel anticipated, Plaintiff filed a request for entry of default.

Plaintiff's counsel disputes that there was an understanding that Plaintiff was going to amend the complaints in any of the four actions. Plaintiff presents, among other documents, a November

3

3, 2010, correspondence to Defendants' counsel wherein Plaintiff's counsel informed Defendants' counsel that entries of default would be requested if no responsive pleading was filed or a settlement was not reached before November 15, 2010. (*See* Doc. 21-3.) Plaintiff counsel asserts that, given this correspondence, any misunderstanding was clarified, and yet Defendants still failed to file any responsive pleading. Plaintiff asserts that "Defendants willfully chose not to file a responsive pleading." (Doc. 17, 3:26-27.)

Even after the default was entered, Defendants' counsel waited over two months to file a motion to set aside. However, despite Defendants' counsel's apparent slow reaction to what he characterizes as a misunderstanding regarding amendment and reservice of the complaint, there are no other facts that persuade the Court that his delay was specifically calculated to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process. *TCI Group*, 244 F. 3d at 697. "[S]imple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without demonstration that other equitable factors, such as prejudice, weigh heavily in favor of denial of the motion to set aside a default." *Mesle*, 615 F.3d at 1092-93 (citing *TCI Group*, 244 F.3d at 696-97).

Moreover, the Ninth Circuit has specifically instructed that the good cause standards must be considered in light of the policy objective that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Mesle*, 615 F.3d at 1091 (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). As set forth, *infra*, the Court does not find that either of the other good cause factors weighs in favor of denial of the motion to set aside the entries of default. Thus, the Court declines to find that Defendants' counsel's misunderstanding that the complaint would be reserved and amended, coupled with his slow and neglectful reaction to the entries of default, amount to culpable conduct weighing in favor of a refusal to set aside the entries of default.

    **b.**    **Meritorious Defense**

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *TCI Group*, 244 F.3d at 700. "All that is necessary to satisfy the 'meritorious

4

defense' requirement is to allege sufficient facts that, if true, would constitute a defense . . . ." *Mesle*, 615 F.3d at 1094 (citing *TCI Group*, 244 F.3d at 700).

Defendants assert in their moving papers that Sunny I. Nishimoto is deceased, and neither Sunny I. Nishimoto nor Dorothy Nishimoto operates Fastway Market. These are facts indicating a meritorious defense with regard to these defendants. Moreover, Defendants provided a supplemental statement regarding the nature of their defenses, and assert that the buildings that are the subject of Plaintiff's ADA cause of action are not subject to the ADA because they were constructed prior to January 1992. (Doc. 24, ¶ 1.) Defendants also contend that any architectural barriers in these buildings that were readily removable have been removed. (*Id.*, ¶ 2.) Defendants argue that they have made reasonable modifications in policies, practices, and procedures to accommodate persons with disabilities prior to the date Plaintiff filed his complaint. (*Id.*, ¶ 3.) Defendants further assert that the buildings and facilities identified in Plaintiff's complaint do "not come under the provisions of [California] Health and Safety Code section 19959." (*Id.* ¶ 6.)

Plaintiff was given an opportunity to reply to Defendants' supplemental statement. Plaintiff asserts that Defendants' claimed meritorious defenses are simply general denials; moreover, none of the defenses is legally adequate. (Doc. 25, 3-5.) Despite Plaintiff's arguments, however, Defendants have alleged that the buildings at issue were built prior to 1992; therefore, Defendants assert that the accommodation required is limited to the removal of readily removable barriers, and that all readily removable barriers have been removed. (Doc. 24, ¶ 2.) Defendants assert that there is no further accommodation necessary. Plaintiff contends that this defense has not been raised in Defendants' proposed answer, and it must be pled as an affirmative defense. (Doc. 25, ¶ 2.)

The burden of showing a meritorious defense is not particularly heavy. *TCI Group*, 244 F.3d at 700. An assertion that readily removal barriers have been removed and that any other barriers that exist are not readily removable is an affirmative defense. There is no requirement that a party seeking to set aside a default must file a proposed answer to set forth a meritorious defense – only that a meritorious defense be presented in a motion to set aside. If Defendants waive this defense by omitting it in an answer filed in the future, that issue can be addressed later in the litigation. For purposes of this motion, it is sufficient that Defendant has asserted facts which, if true, would be a

5

defense to the action.[2]  Moreover, Defendants have no obligation to <u>prove</u> their contentions to establish a meritorious defense for purposes of being relieved from an entry of default. *Id.* Defendant's factual allegation that all barriers that were readily removable were in fact removed is an allegation that will be tested for truth and accuracy later in the litigation. *Id.*

### c. Prejudice to Plaintiff

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Group*, 244 F.3d at 701. Moreover, the plaintiff is not prejudiced simply because he lost a "quick victory due [Defendant's] procedural default and must litigate on the merits." *TCI Group*, 244 F.3d at 701 (citing *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000)). There are no facts indicating that Plaintiff will be prejudiced if the entries of default are set aside. The time this action has been pending is relatively minimal reducing the possibility that evidence has been lost or has become stale.

### III. RECOMMENDATION

Based on consideration of the declarations, pleadings, and exhibits to the present motion, the Court RECOMMENDS that Defendants' Motion to Set Aside the Entry of Default be GRANTED.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fifteen (15) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may

///

---

[2] Plaintiff asserts that Defendants did not raise a defense that all readily achievable barriers were removed because Defendants have not asserted what <u>specific</u> barriers still exist that are not subject to readily achievable removal. (Doc. 25, ¶ 2.)  For purposes of a motion to set aside an entry of default, the Ninth Circuit has made clear that factual assertions that form the basis of a meritorious defense are sufficient – there is no heightened factual showing required. *TCI Group*, 244 F.3d at 700. The Court finds that Defendants have presented a facially meritorious defense to Plaintiff's complaint. *See Mesle*, 615 F.3d at 1089 ("Our rules for determining when a default should be set aside are solicitous towards movants.").

waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     April 5, 2011**                           /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE